**E-FILED**
Thursday, 02 January, 2014  10:28:23 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| **DAVID WYNTER,**         ) | |
|    **Plaintiff,**         ) | |
|          ) | |
| **vs.**         ) | **No. 13-1466** |
|          ) | |
| **MERISA WILSON,** *et al.*,    ) | |
|    **Defendants.**      ) | |

## MERIT REVIEW ORDER

Plaintiff, a *pro se* prisoner, originally filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming that his constitutional rights were violated by five Defendants at Pontiac Correctional Center. Plaintiff has now filed a Motion for Leave to File Amendment to Complaint [d/e 5]. The Motion is granted pursuant to Rule 15 of the Federal Rules of Civil Procedure.

This cause is before the Court for merit review of Plaintiff's Amended Complaint. The Court is required by 28 U.S.C. §1915A to "screen" Plaintiff's Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In his Amended Complaint, Plaintiff, David Wynter, again names the original five Defendants from Pontiac Correctional Center including Merisa Wilson, Donald Gish, Vickie Kendrick, Pat Hastings, and Gina Allen.

Plaintiff says that Defendant Wilson engaged in "retaliation discipline" against Plaintiff after Plaintiff complained that Wilson gave him the wrong psychotropic medication. Plaintiff says he prepared a written defense to the disciplinary allegations and requested two correctional officers as his witnesses. However, Plaintiff says the Adjustment Committee, Defendants Kendrick and Gish, did not contact his witness, Correctional Officer Metropolous. Upon challenging the disciplinary findings in a grievance, Plaintiff says that Defendant Hastings, the Grievance Officer, relied on the finding of guilt by agreeing with the Adjustment Committee's adoption of Defendant Wilson's allegations in the disciplinary report. Plaintiff says he spent 365 days in disciplinary segregation due to Defendant Wilson's disciplinary report and he details that his placement there exacerbated his Rheumatoid Arthritis, isolated him, caused him to be absent from vocational training, religious services, drug and alcohol counseling, and group exercise, limited him to one shower per week, and exposed him to excessive noise. Finally, Plaintiff says that Defendant Allen of the Administrative Review Board has never forwarded Plaintiff a response to his grievance concerning the denial of his due process by the Adjustment Committee.

Plaintiff does state a claim for the violation of his procedural due process rights against Defendants Kendrick and Gish given his allegations that the Adjustment Committee did not contact the witness Plaintiff requested.  A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient.  *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir.1994).  Plaintiff does meet the first requirement at the pleading stage to the extent he says he was placed in disciplinary segregation for one year.  *See Marion v. Columbia Correction Institution*, 559 F.3d 693, 697-98 (7th Cir. 2009) ("[W]e have explained that a liberty interest *may* arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh.").  As far as the required procedure, due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir.1992); *see also Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).  However, further development of the record may reveal that Plaintiff's placement in disciplinary segregation may not have included conditions which would give rise to a liberty interest.  Also, while the Court cannot determine the issue from the facts alleged, Plaintiff's due process claim may be barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Plaintiff also states a retaliation claim against Defendant Wilson.  To prevail on a First Amendment retaliation claim, a plaintiff must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action.  *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (internal citations omitted).

Plaintiff does not state a claim based upon his allegations that he had no opportunity for school and programs.  *See Garza v. Miller*, 688 F.2d 480, 485 (7th Cir. 1982) (holding that the plaintiff did not have a liberty or property interest in prison employment, or increased recreation and educational courses).

Plaintiff also does not state a claim based upon his allegations against Defendants Hastings and Allen.  Plaintiff has no federal constitutional right to a grievance procedure.  *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Young v. Wexford Health Sources*, 2012 WL 621358, at *4-5 (N.D. Ill. Feb. 14, 2012) (explaining that the defendants' failure to rule favorably on prisoner's grievance was not actionable under Section 1983 and a prison official has no substantive constitutional duty to respond to a prisoner's grievance).  Defendants Hastings and Allen will be dismissed.

Finally, Plaintiff has filed a Motion for Appointment of Counsel [d/e 3].  In considering Plaintiff's Motion, the Court asks: "(1) has the indigent Plaintiff made a reasonable attempt to

obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (*citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993)).  Plaintiff has made a reasonable attempt to obtain counsel on his own.  However, at this point and based upon his submissions, Plaintiff's case does not appear so complex that he is not competent to proceed *pro se*.  The Motion is denied at this time [d/e 3].

**IT IS THEREFORE ORDERED that:**

1) Plaintiff's Motion for Leave to File an Amended Complaint is GRANTED [d/e 5]. The Clerk of the Court is directed to file the Amended Complaint.

2) Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff alleges:  a) a procedural due process claim against Defendants Kendrick and Gish; and b) a retaliation claim against Defendant Wilson.  Any claims not set forth in herein shall not be included in the case, except in the Court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

3) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

7) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) Defendants Hastings and Allen are DISMISSED.

11) Plaintiff's Motion to Request Counsel is DENIED [d/e 3] at this time.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

ENTERED this 2nd day of January, 2014.


s/ James E. Shadid
_____
JAMES E. SHADID
CHIEF UNITED STATES DISTRICT JUDGE